

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. M. Trimble
First Assistant State Superintendent
    of Public Instruction
Austin, Texas

> Opinion No. O-3175
> Re: May the same three men be
> appointed to comprise the
> Board of Equalization for
> the City of Amarillo and
> for Amarillo Independent
> School District?

Dear Sir:

We are in receipt of your letter in which you set out the following facts:

> "The City of Amarillo and Amarillo Independent School District and County of Potter, have, through a joint arrangement, heretofore employed experts to complete an appraisal of properties within the City of Amarillo for use by the respective municipalities as information which will be available to the respective boards of equalization in aid of more equitable equalization of values.

> "The Amarillo Independent School District is an independent school district created by statute, employing its own tax assessor and collector and includes all of the territory within the City of Amarillo, and territory adjacent to the City of Amarillo situated in both Potter and Randall Counties, Texas."

Based on such facts you ask three questions:

> "QUESTION 1. It has been thought that it would be to the interest of the public if the City

should appoint its Board of Equalization and
that the School District would appoint the
same three men to comprise its Board of Equal-
ization, and that these men would act for both
the City and the School District, giving notice
to tax payers of hearings at which time tax payers
would be permitted to appear and protest as to
valuations applicable to both the City and
School District. Does existing law authorize
this procedure?"

Senate Bill No. 10, Chapter 8, Acts of the 31st
Legislature, 1909, which provided for the creation of Ama-
rillo Independent School Districts, provides in part as
follows:

"The said board of trustees shall be vested
with the full management and control of the free
schools in said district, and shall be vested with
all the powers, rights and duties that are pro-
vided by general law for boards of trustees of
towns and villages incorporated for free school
purposes only, including the powers and manner of
taxation. . . ."

In Opinion No. 0-2687, this Department held that
Article 2791, Revised Civil Statutes of Texas, applies to
the Amarillo Independent School District. Such article
reads in part as follows:

"It shall be within the discretion of the board
of trustees of any independent school district to
name an assessor of taxes who shall assess the tax-
able property within the limits of the independent
school district within the time and in the manner
provided by existing laws, in so far as they are
applicable, and when said assessment has been
equalized by a board of equalization appointed
by the board of trustees for that purpose, shall
prepare the tax rolls of said district and shall
duly sign and certify same to the county tax col-
lector as provided for in the suceeding article."

Section 40 of Article 16 of the Constitution of
Texas provides in part as follows:

"No person shall hold or exercise, at the
same time, more than one Civil Office of emolu-
ment, except that of Justice of Peace, County

Commissioner, Notary Public and Postmaster,
Officer of the National Guard, the National
Guard Reserve, and the officers Reserve Corps
of the United States and enlisted men of the
National Guard, the National Guard Reserve, and
the Organized Reserves of the United States, and
retired officers of the United States Army, Navy,
and Marine Corps, and retired warrant officers
and retired enlisted men of the United States
Army, Navy, and Marine Corps, unless otherwise
specially provided herein."

It is the opinion of this Department in answer to
your first question that if the order of the Board of Trustees
appointing the members of the Board of Equalization for the
School District as is provided in Article 2791, supra, provides
that the members of said Board of Equalization shall serve
without compensation, then we believe that the individuals
appointed as the Board of Equalization of the Amarillo Inde-
pendent School District could be the same individuals who are
serving as the Board of Equalization of the City of Amarillo.
However, unless such order provided that the Members of the
Board of Equalization of the Amarillo Independent School Dis-
trict so appointed should serve without compensation, the
constitutional provision above quoted would prohibit the pro-
cedure inquired about.

"QUESTION 2. Under existing law, would it be
legal for the City of Amarillo to appoint its Board
of Equalization and the School District to appoint its
Board of Equalization, both boards composed of different
individuals, and have joint sittings of said two boards
but reserving the right to make separate decisions as
to any matter coming before said respective boards
sitting at the same time and at the same place. This
would be of great accommodation to the public, but a
question has been raised as to the legality of such
procedure.

"QUESTION 3. Would it be legal for the
two Boards of Equalization, comprised of different
men, to hold joint sessions with the experts em-
ployed to appraise property and then after such
conferences hold separate and distinct meetings
for the purpose of affording tax payers adequate
opportunity to appear in protest of any action pro-
posed by such respective boards. Under this ques-
tion it is assumed that the only purpose of the

general meetings of the two boards with
the experts is to familiarize them with prop-
erties and values and would not be intended
to amount to any agreement on the part of the
boards to arrive at certain valuations and re-
main steadfast thereon, but it would be the
idea that these boards would have complete
freedom of action and thought in the performance
of their respective duties."

The rule is stated in 37 Tex. Juris. 1013 as follows:

"In the absence of any law directing when the
assessment shall be made, or when the Board of
equalization shall meet, or when the rolls shall
be prepared and approved, those matters are under
the control of the local authorities."

We are unable to find anything in the law that
would prohibit the Board of Equalization of the Amarillo
Independent School District from sitting at the time and
place and in the manner you inquire about in your questions
numbers 2 and 3, if such meetings are ordered by the Board
of Trustees of the Amarillo Independent School District.

We trust that the foregoing fully answers your
inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      s/ Billy Goldberg
                Assistant

APPROVED May 14, 1941

Grover Sellers
First Assistant Attorney
  General

Approved Opinion Committee
GRL
BG:AMM:bt